UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN BEAUVAIS,                           Case No. 16-cv-12814

    Plaintiff,                        UNITED STATES DISTRICT COURT JUDGE
                                            GERSHWIN A. DRAIN
    v.
                                          UNITED STATES MAGISTRATE JUDGE
CITY OF INKSTER,                            STEPHANIE DAWKINS DAVIS

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION [62]

On December 27, 2017, Plaintiff Susan Beauvais moved to strike Dr. Harvey
Ager from Defendant City of Inkster's Witness List. Dkt. No. 42. The Court denied
Beauvais's motion in an Opinion and Order dated February 8, 2018. *See* Dkt. No.
61.

Then, on February 15, 2018, Beauvais moved for reconsideration of that
decision. Dkt. No. 62. The Court has not ordered a response to the motion or oral
argument. *See* E.D. MICH. L.R. 7.1(h)(2).

Presently before the Court is Beauvais's Motion for Reconsideration of the
Court's February 8, 2018 Opinion and Order Denying her Motion to Strike Dr.
Harvey Ager from the City of Inkster's Witness List [62]. For the reasons detailed
below, the Court will DENY Beauvais's Motion for Reconsideration.

## I.     Discussion

Beauvais's Motion for Reconsideration requires the Court to decide whether Dr. Harvey Ager was "retained or specially employed" by the City of Inkster to testify here as an expert.  *See* FED. R. CIV. P. 26(a)(2)(B).  If he was, then he was required to file an expert report.  *See id.*  Because he has not filed an expert report, Beauvais maintains the Court must strike him as a witness.  The Court previously held Dr. Ager was not "retained or specially employed" by the City to testify as an expert, and accordingly, that he did not have to file an expert report.  *See* Dkt. No. 61, pp. 7–10 (Pg. ID 3044–47).  As that finding was not clear or palpable error, the Court will deny Beauvais's Motion for Reconsideration.

### A.     Motion for Reconsideration

Beauvais unsuccessfully moves under Eastern District of Michigan Local Rule 7.1(h) for reconsideration of the Court's February 8, 2018 Opinion and Order. First, the Local Rules provide that:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. MICH. L.R. 7.1(h)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest or plain.' "  *United States v. Furnari*, 73 F. Supp. 3d 877,

888 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004)).

Beauvais's Motion for Reconsideration fails because she solely reiterates arguments raised in her Motion to Strike; and specifically, arguments that the Court has explicitly rejected.  For example, she argues here—just as in her Motion to Strike—that Dr. Ager was "retained or specially employed" to testify as an expert. *See* FED. R. CIV. P. 26(a)(2)(B).  According to Beauvais, it follows then that Dr. Ager was required to submit an expert report and should be struck as a witness for not doing so.  *See id*.  In its February 8, 2018 Opinion and Order, however, the Court rejected this argument.  The Court concluded the City hired Dr. Ager in April 2015 to evaluate whether Beauvais was fit to return to work, not for any litigation purpose.  And more generally, the Court found that the parties were not even contemplating litigation in April 2015.  Indeed, the Complaint was not filed until August 2016.  *See* Dkt. No. 1.  Through her Motion for Reconsideration, then, Beauvais merely presents issues already decided by the Court, and tellingly, cites to no authority in restating these arguments.

Beauvais offers a second unpersuasive contention in her reconsideration motion.  She had previously asked the Court to compel Dr. Ager to comply with a subpoena, and here, claims the Court failed to address this request.  Dkt. No. 62, p. 3 (Pg. ID 3056).  Beauvais is mistaken.  The Court explicitly denied this request in

its February 8, 2018 Opinion and Order. *See* Dkt. No. 61, p. 2 n.2. Accordingly, Beauvais's reconsideration motion lacks merit.

## II. Conclusion

Plaintiff has requested reconsideration of the Court's February 8, 2018 Opinion and Order Denying her Motion to Strike Dr. Harvey Ager as a Witness. *See* Dkt. Nos. 61, 62. As Beauvais only raises arguments explicitly rejected by the Court in that Opinion, the Court will DENY her Motion for Reconsideration [62].

IT IS SO ORDERED.

Dated: March 21, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
March 21, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk